IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANET MASON,            )  |   |
|     Plaintiff,      ) | |
| vs.                                   ) | No.  3:13-CV-2875-K-BH |
|                                          ) | |
| MARCUS D. KING,       ) | |
|     Defendant.    ) | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's request to seal the record of this long-closed case, filed on September 1, 2020 (doc. 12).

"'Courts have recognized that the public has a common law right to inspect and copy judicial records.'" *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  This right "is not absolute", however, and each "court has supervisory power over its own records and files" and may deny "access ... where court files might have become a vehicle for improper purposes." *Id.* "The common law merely establishes a presumption of public access to judicial records." *Id.*  Nevertheless, the discretion to seal judicial records and files should be exercised "charily." *Id.* (citing *Federal Savs. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987)).  "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* Having public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* at 849 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir.1988)).

Here, the plaintiff seeks to seal the record of her case because it is allegedly impacting her

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

ability to obtain new job opportunities.  In *Macias v. Aaron Rents, Inc.,* 288 F. App'x 913, 915 (5th Cir. 2008), the plaintiff moved to seal the record of his employment discrimination lawsuit because of the alleged "lack of importance to the public and the potential for employer retaliation against litigious employees."  Finding that the plaintiff's concerns could apply to nearly all cases, especially those involving employment discrimination, the Fifth Circuit Court of Appeals found that the district court had not abused its discretion in denying the motion and affirmed the decision.  *Id.* at 915-16.  Likewise, in *Elbertson v. Chevron, U.S.A., Inc.*, No. H-10-0153, 2010 WL 4642963, at *1 (S.D. Tex. Nov. 9, 2010), the plaintiff sought to seal the record of her employment discrimination case based on her belief that it could be detrimental to her current and future employment, arguing that her job security outweighed the public's right of access.  The district court denied the motion, noting that "[t]he harm feared by the plaintiff here is precisely the same harm that most employment discrimination plaintiffs face, and yet there is no tradition of sealing all such records." *Id.* at *2.  The court also noted that the fact that the public had already had access to the documents was a factor weighing in favor of continued access.  *Id.* (citation omitted).

As in those cases, the plaintiff in this case has presented nothing to overcome the presumption of public access to the record in this employment discrimination case, which was closed more than seven years ago.  The motion to seal this case is **DENIED.**

**SO ORDERED** on this 17th day of September, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE